**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Rennie Carter,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　Respondents. | No. CV 17-04105-PHX-DGC (MHB)<br><br>**ORDER** |

Pending before the Court are the petition for writ of habeas corpus filed by pro se Petitioner Michael Rennie Carter (Doc. 1) and the Report and Recommendation ("R&R") issued by Magistrate Judge Michelle H. Burns (Doc. 13). The R&R recommends that the petition be denied because Petitioner's claims are barred by his no contest plea. Doc. 13 at 6-7. Petitioner objects to the R&R. Doc. 14. The matter is fully briefed, and no party has requested oral argument. Docs. 14; 15. For the reasons that follow, the Court will refer Petitioner's first objection for reconsideration by Judge Burns and will accept the R&R as it relates to Petitioner's second ground for relief.

**I.　Background.**

On July 11, 2014, Police received a call that Petitioner was in the garage of a vacant home belonging to two recently deceased individuals. Doc. 10-1 at 11. Upon arrival, an officer recognized Petitioner from a previous incident, and Petitioner was immediately detained. *Id*. Presumably after a search of Petitioner, officers found credit cards and a drivers license belonging to the deceased individuals in Petitioner's wallet. *Id*. Petitioner

1  was charged with burglary and theft of a credit card. *Id*. at 2. Petitioner pleaded no contest
2  to theft of a credit card and was sentenced to 2.25 years in prison. Doc. 13 at 1.

3  On September 14, 2015, Petitioner sought post-conviction relief ("PCR"). *Id.*
4  Petitioner's court-appointed counsel filed a notice that she could not raise colorable claims
5  on Petitioner's behalf. *Id.* at 3. She requested an extension of time for Petitioner to file a
6  pro se PCR. Doc. 10-10 at 2. On November 14, 2016, Petitioner filed a pro se PCR,
7  asserting three claims of ineffective assistance of counsel: (1) counsel failed to file a motion
8  to suppress evidence seized in violation of his Fourth Amendment rights; (2) counsel failed
9  to file a motion to dismiss due to insufficient evidence; and (3) counsel, in another case
10 pending against Petitioner, failed to hire an independent expert. Doc. 13 at 2.[1]

11 The trial court found Petitioner's claims "precluded as having been previously ruled
12 upon or untimely filed or the Petition lacks sufficient basis in law and fact to warrant further
13 proceedings." Doc. 11-7 at 2. The court of appeals denied relief, finding Petitioner's
14 claims waived by his no contest plea. *Id.*; *see also State v. Carter*, No. 2 CA-CR 2017-
15 0082-PR, 2017 WL 2645290 (Ariz. Ct. App. June 20, 2017). Petitioner did not seek further
16 review in state court. Instead, he filed a petition for writ of habeas corpus, asserting the
17 first two claims of ineffective assistance of counsel. *See* Doc. 1. Judge Burns recommends
18 that the Court deny both claims as barred by Petitioner's plea. Doc. 13 at 6-13.

19 **II.  Analysis.**

20 The Court may accept, reject, or modify, in whole or in part, the recommendations
21 made by a magistrate judge in a habeas case. *See* 28 U.S.C. § 636(b)(1). The Court must
22 undertake a de novo review of those portions of the R&R to which specific objections are
23 made. *See id.*; Fed. R. Civ. P. 72(b)(3); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
24 (9th Cir. 2003). Petitioner makes two objections to the R&R: (1) he would not have
25 accepted a plea if counsel had advised him that evidence seized was in violation of his
26 Fourth Amendment rights; and (2) the outcome of his case would have changed if his
27 counsel had filed a motion to dismiss for insufficient evidence. *Id*. 3-4.

28

---

[1] The trial court declined to consolidate Petitioner's two cases. Doc. 11-5 at 2.

### 1. Petitioner's First Objection.

Petitioner's first objection clarifies an argument made in his petition and warrants referring his case back to Judge Burns for consideration. The R&R recommends dismissal of Petitioner's first ground for relief because he failed to challenge the "knowing, voluntary, or intelligent nature of his plea." *See* Doc 13 at 6; *see also State v. Quick*, 868 P.2d 327, 329 (Ariz. Ct. App. 1993) (pleading defendant waives all claims of ineffective assistance of counsel except those "directly relating" to entry of his plea). In his petition, Petitioner argued that counsel was ineffective for failing to file a motion to suppress the evidence seized prior to his arrest. Doc. 1 at 12. Petitioner stated that "[h]ad counsel filed a motion to suppress he would [have] prevailed[;] . . . therefore, the plea bargain cannot be intelligently, knowingly, and voluntarily entered." *Id*.

In his first objection, Petitioner asserts that counsel's ineffective assistance affected the knowing and voluntary nature of his plea agreement. Doc. 14 at 3. He argues that he would have insisted on going to trial had he known that the seizure of evidence violated his Fourth Amendment rights. *Id*. at 5. Although, Petitioner mentioned the voluntary, knowing, and intelligent nature of his plea in his petition, he did not make the nature of his argument clear until his objection – that had he been fully informed about the violation to his constitutional rights he would not have entered a plea agreement. Given this clarification, which Judge Burns could not have anticipated, Petitioner appears to be challenging the nature of his plea. The Court will refer this case back to Judge Burns to consider this clarified ground for habeas relief.

### b. Petitioner's Second Objection.

Petitioner argues that his counsel was ineffective for failing to investigate the sufficiency of the evidence regarding his conviction. Doc. 14 at 5. Petitioner does not argue that counsel's failure to file a motion to dismiss for insufficient evidence affected his plea. The Court agrees with the R&R. Petitioner's claim is barred by his guilty plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989).

/ / /

**IT IS ORDERED:**

1. The Report and Recommendation of Judge Burns is **accepted and adopted as to Petitioner's second objection**.

2. The Clerk of the Court shall **refer** this case back to Judge Burns to consider Petitioner's clarified argument regarding the nature of his guilty plea.

Dated this 1st day of March, 2019.

David G. Campbell
Senior United States District Judge